## HANSON v. KASSMAYER.

(Supreme Court, Appellate Term.　January 17, 1905.)

1. CHATTEL MORTGAGE — FORECLOSURE — COUNTERCLAIM — EVIDENCE — SUFFICIENCY.

Where default in making payment as required by a chattel mortgage was admitted on foreclosure, a judgment for defendant, based on a breach of warranty of title, is not sustained, in the absence of evidence of damage, merely on proof that some of the mortgaged goods were taken from defendant under claim of a prior chattel mortgage, the existence of which was not shown.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Annie Hanson against Annie Kassmayer. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

James A. Foley, for appellant.

Eugene I. Yuells, for respondent.

SCOTT, J.　The default in making payment as required by the chattel mortgage is admitted, and thereby the plaintiff's right to foreclose was established.　Upon what theory of the case judgment was rendered for the defendant is not perceived.　The defendant's so-called counterclaim asserts that the plaintiff in selling the goods made a false warranty of title, whereby defendant was damaged.　Even if such a counterclaim could properly be considered, it is unsupported by proof.　It is said that some person claiming to represent the Royal Furniture Company took a portion of the mortgaged chattels from defendant, claiming to be entitled to them under a prior chattel mortgage.　There is no competent evidence, however, that there was such a mortgage, or, if there was, that it covered the chattels taken, and there is affirmative evidence that no such mortgage was filed as required by the lien law.　The defendant therefore failed to prove the main allegation of her counterclaim as to the breach of the warranty of title.　Nor was there the slightest evidence of damage.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.　All concur.